UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN DARNELL SANDERS,

    Plaintiff,

v.                                      CASE NO. 16-10993
                                          HONORABLE JOHN CORBETT O'MEARA

SHIAWASSEE COUNTY,

    Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

State prisoner Edwin Darnell Sanders has filed a *pro se* civil rights complaint against Shiawassee County, Michigan. The complaint and exhibits allege that, on November 14, 2005, Plaintiff pleaded guilty in Shiawassee County Circuit Court to assault with a dangerous weapon and third-degree home invasion. The trial court sentenced Plaintiff to probation, but on July 31, 2006, Plaintiff pleaded guilty to violating the conditions of probation. Plaintiff did not appear for sentencing, which was scheduled for September 29, 2006, and on August 5, 2009, a bench warrant was issued for his arrest. Finally, on July 1, 2015, Shiawassee County Circuit Judge Matthew J. Stewart sentenced Plaintiff as follows: seventeen to forty-eight months in prison for the assault conviction and a concurrent term of twenty-three to sixty months in prison for the home-invasion conviction.

Plaintiff claims that Judge Stewart deprived him of due process, disregarded state law, and falsely imprisoned him by sentencing him to prison without first conducting a proper probation revocation hearing. He seeks one million dollars in

damages for false imprisonment, pain, and suffering.

## II. Legal Framework

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court construes Plaintiff's *pro se* complaint liberally, as it must under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), to be brought under 42 U.S.C. § 1983. To prevail on a claim under § 1983, a prisoner must prove "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.*

### III. Analysis

Plaintiff's complaint lacks an arguable basis in law because Plaintiff is challenging his sentence and incarceration. The sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment is a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And, as explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id.* at 486-87 (footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

"The *Heck* doctrine applies to probation revocation[] decisions." *McBride v. O'Brien*, __ F. App'x __, No. 15-3276, 2016 WL 1445097, at *1 (3d Cir. Apr. 13, 2016) (citing *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006)); *see also Cobbs v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008) (concluding that "[t]he district court correctly dismissed Cobb's complaint because the necessary implication of a grant of

3

relief would be that Cobb's probation revocation is invalid"); *Baskett v. Papini*, 245 F. App'x 677, 678 (9th Cir. 2007) (concluding that "[t]he district court properly dismissed Baskett's section 1983 action as *Heck*-barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to allege that his sentence has been invalidated"); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (noting that the Tenth Circuit "has already extended *Heck* to situations involving probation revocation") (citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). Plaintiff, moreover, has not alleged that his sentence was invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and success on his due process claim would necessarily demonstrate the invalidity of his sentence and imprisonment. Therefore, Plaintiff's allegations are not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

*Heck* also applies to bar Plaintiff's claim of false imprisonment. *Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001). And, to the extent Plaintiff is suing Judge Stewart, his claim fails because judges are immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). In fact, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id*. at 11. Judicial immunity

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id*. at 11-12 (internal and end citations omitted). Neither of these exceptions applies here. Therefore, Judge Stewart is immune from suit.

Finally, although "counties are considered 'persons' within the meaning of 42 U.S.C. § 1983, and 'may be sued for constitutional deprivations,' " *Alkire v. Irving*, 330

F.3d 802, 814 (6th Cir. 2003), they "cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, to hold Shiawassee County liable in this case, Plaintiff must (1) identify a county policy or custom, (2) connect the policy to the county, and (3) show that his particular injury was incurred due to execution of the policy. *Alkire*, 330 F.3d at 815.

Plaintiff has not identified a county policy or custom, connected the policy or custom to Shiawassee County, nor shown that his sentence resulted from execution of a county policy. For this additional reason, Shiawassee County cannot be held liable.

## IV. Conclusion

Plaintiff's complaint is frivolous and fails to state a plausible claim for which relief may be granted. The Court therefore summarily dismisses the Court under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

"When courts dismiss claims under *Heck*, they typically do so without prejudice, *see Heck*, 512 U.S. at 479, 114 S.Ct. 2364; *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999), and dismissals without prejudice generally are not judgments on the merits for claim-preclusion purposes, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)." *Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 767 (6th Cir. 2015). Plaintiff, however, has named Shiawassee County as the only defendant, and he has not established that the county is liable for his

5

imprisonment, pain, and suffering. To the extent Plaintiff is suing Judge Stewart, his claim is barred by the doctrine of judicial immunity. Therefore, as to Shiawassee County and Judge Stewart, Plaintiff's *Heck* claims are dismissed with prejudice. The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: May 6, 2016

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 6, 2016, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager